### STATE *v.* LOUIS SHAPIRO.

#### APRIL 15, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Criminal Law and Pleading.   Conviction of Lesser offence.*

Defendant was convicted of larceny, under an indictment charging the breaking and entering of a freight car with intent to commit larceny, and stealing certain goods, found therein, of the value of $164.   The indictment was

brought under Gen. Laws cap. 279, § 10, as amended by Pub. Laws cap.
454, § 1, providing that "every person who shall at any time break and
enter any railroad car or break any lock or seal thereon, *with intent to
commit larceny or other crime, shall be imprisoned not exceeding two years."*
Gen. Laws cap. 279, § 16, as amended by C. P. A., § 1175, provides, "if the
value of the property or money stolen, received or embezzled, does not
exceed $500, any person so convicted shall be punished by imprisonment
for not more than one year or by fine of not more than $500, or by both."
Gen. Laws cap. 285, § 24, as amended by C. P. A., § 1185, provides, "When-
ever any person is tried on a complaint or indictment, and the court or jury
as the case may be shall not be satisfied that he is guilty of the whole
offence, but shall be satisfied that he is guilty of so much thereof *as shall
substantially amount to an offence of a lower nature*, the court or jury
may find him guilty of such lower offence, and shall sentence for the
offence of which he was so found guilty, notwithstanding that such court
had not otherwise jurisdiction of such offence":—

*Held,* that the offence of which the jury found defendant guilty was of a lower
nature than that charged in the indictment, and the verdict was in accord-
ance with Gen. Laws cap. 285, § 24, above.

(2)  *Statutes.*

A statute is not to be construed so as to repeal the common law unless the
intent to alter it is clearly expressed.

(3)  *Criminal Law.  Principal and Accessories.*

Gen. Laws cap. 284, § 2, as amended by C. P. A.. § 1178, provides, "Every
person who shall aid, assist, abet, counsel, hire, command, or procure
another to commit any crime or offence, shall be proceeded against as
principal, or as an accessory before the fact, according to the nature of the
offence committed, and upon conviction shall suffer the like punishment
as the principal offender is subject to by this title":—

*Held,* that the statute was not a restriction of the common law, but was an
enlargement of it, the true meaning being that the offenders should be
proceeded against as principals or accessories before the fact, according to
the nature of the offence committed by them, whether the same be felony
or misdemeanor.

INDICTMENT.  The facts are fully stated in the opinion.
Heard on exceptions of defendant, and overruled.

DUBOIS, J.  In the Superior Court the defendant was con-
victed of larceny, under an indictment charging that he, on
the 15th day of November, 1906, at Woonsocket, "a certain
railroad freight car of the New York, New Haven and Hartford
Railroad Company, a corporation duly chartered and organized
under the laws of the State of Rhode Island, there situate,
unlawfully and feloniously did break and enter with intent then

and therein to commit larceny and one thousand six hundred and forty pounds of cotton, each pound of the value of ten and one-eighth cents, all of the aggregate value of one hundred and sixty-four dollars and twenty-five cents, of the goods, chattels, and property of the said corporation then and there in said freight car being found, then and there feloniously did steal, take and carry away."

The indictment was brought under Gen. Laws, cap 279, § 10, amended by Pub. Laws cap. 454, § 1 (passed May 14, 1897), as follows: "Section 10 of Chapter 279 of the General Laws, entitled 'Of offences against private property,' is hereby amended by adding thereto the following words: 'and every person who shall at any time break and enter any railroad car or break any lock or seal thereon with intent to commit larceny or other crime shall be imprisoned not exceeding two years."

The case is now before this court upon the defendant's bill of exceptions, which is founded upon certain exceptions taken by the defendant in the Superior Court, as follows:

"First. To certain rulings of said justice at the trial of said action admitting certain evidence, as shown on page 46 of the transcript of testimony, etc., filed herewith.

"Second. To certain rulings of said justice at said trial refusing to admit certain evidence, as shown on pages 36, 90, and 106 of said transcript.

"Third. To the refusal of said justice at said trial to direct a verdict for the defendant, to which ruling the defendant duly excepted, as shown on page 193 of said transcript.

"Fourth. To the refusal of said justice at said trial to charge the jury in accordance with the requests duly presented by said defendant, as shown on page 193 of said transcript.

"Fifth. To that part of the charge of said justice at said trial, to which the defendant specifically excepted, as shown on page 193 of said transcript.

"Sixth. To the decision of said court denying the defendant's motion for a new trial, which said action was based upon the following grounds:

"1st. That said verdict was contrary to the evidence and the weight thereof.

"2nd.  That said verdict was contrary to law.'"

The first and second grounds of exception are not relied upon, and need not be considered.

The third exception is based upon the refusal of the Superior Court to direct the jury to acquit the defendant for the following reasons:

"1st.  That there is no evidence of any breaking and entering of the freight car by the defendant as set forth in the indictment.

"2nd.  That the indictment charges said defendant of the statutory crime of breaking and entering a freight car and the committing of larceny therein, while the proof utterly fails to show any breaking within the meaning of the term in the criminal law, and there is therefore a fatal variance between the statutory crime alleged and the proof.

"3rd.  That the only evidence tending to show that the defendant entered the car in question and took from it cotton bales as alleged in the indictment is that of LaVoie, who admits that he was present and did enter the car and assist Shapiro in taking out the bales of cotton in question, which testimony is denied by Shapiro.  Such undisputed testimony of an accomplice denied by the other alleged party to the transaction could not in any event be held to support beyond a reasonable doubt a finding that Shapiro actually participated in the taking of the cotton in question from the car and would show at the utmost merely that the defendant was only an accessory before the fact and could not be held under this indictment charging him as a principal in the transaction, under General Laws, Chapter 284, Section 2, as amended by Section 1178 of the Court and Practice Act.  This constitutes a fatal variance."

The first and second reasons are without merit.

(1)    Gen. Laws cap. 279, § 16, as amended by C. P. A., § 1175, provides, among other things, "if the value of the property or money stolen, received, or embezzled does not exceed five hundred dollars, any person so convicted shall be punished by imprisonment for not more than one year or by fine of not more than five hundred dollars, or by both."  The offence of

which the jury found the defendant guilty was therefore of a lower nature than that charged in the indictment, and the verdict was in accordance with the provisions of Gen. Laws cap. 285, § 24, as amended by C. P. A., § 1185, which reads as follows: "Whenever any person is tried upon a complaint or indictment and the court or jury, as the case may be, shall not be satisfied that he is guilty of the whole offence but shall be satisfied that he is guilty of so much thereof as shall substantially amount to an offence of a lower nature, or that the defendant did not complete the offence charged, but that he was guilty only of an attempt to commit the same, the court or jury may find him guilty of such lower offence or guilty of an attempt to commit the same, as the case may be, and the court shall proceed to sentence such convict for the offence of which he shall be so found guilty, notwithstanding that such court had not otherwise jurisdiction of such offence." This statute is an extension of the common law rule referred to by Ames, C. J., in *State* v. *Colter*, 6 R. I. 195 (1859), as follows: "It is a rule in criminal pleading, as well as of pleading in cases of tort, that it is sufficient if part only of the allegation stated in the indictment be proved, provided that what is proved affords a ground for maintaining the indictment, supposing it to have been correctly stated as proved. . . . Indeed, in burglary, that the same count charges a breaking and entering with intent to steal, and an actual theft in the dwelling-house, has never been deemed objectionable; but was advised by Lord Hale, to insure a conviction of theft, if the proof justified it, when it might not justify a conviction of burglary. I Hale, P. C. 559, § 5. This mode of charging merely widens the allegations of the count, as to admit, what is so common, a conviction of a lesser offence, included in the charge of the graver one, if the proof should fall short of the latter."

The third reason is based upon an erroneous statement of the evidence.

In addition to the testimony of LaVoie as to the fact, there was evidence of the confession of the defendant that he entered the car and rendered assistance in the removal of the cotton therefrom. Furthermore, the testimony of the defendant him-

self, and that of Jacob Blum, a witness for him, is to the effect
that the defendant was present at·the car, though not in it,
aiding and assisting in the larceny. His claim that he was
an accessory before the fact is inconsistent with such testimony.
Anciently there were three kinds of accessories: first, before
the fact; second, at the fact; and third, after the fact. The
second kind were afterwards called principals in the second
degree, and still later principals. I Russ. Crimes, 6th ed.
161. Manifestly it is a contradiction in terms to call an acces-
sory at the fact an accessory before the fact.

(2)      As stated by Putnam, J., in *Com.* v. *Knapp*, 9 Pick. 496,
514: "It is an established rule, that a statute is not to be
construed so as to repeal the common law, unless the intent
to alter it is clearly expressed." The rule is the same in civil
cases. *Langlois* v. *Dunn Worsted Mills*, 25 R. I. 645, 649.

(3)      Gen. Laws cap. 284, §. 2, as amended by C. P. A., § 1178,
reads as follows: "Every person who shall aid, assist, abet,
counsel, hire, command, or procure another to commit any
crime or offence, shall be proceeded against as principal or as
an accessory before the fact, according to the nature of the
offence committed, and upon conviction shall suffer the like
punishment as the principal offender is subject to by this title."

The defendant claims that this statute repeals the common
law, and argues as follows: "It is confidently submitted that
the statute here in question was intended to, and did, change
the common law in this, that it abolished the distinction be-
tween principals in the second degree and accessories before
the fact, and makes all persons who aid, assist, or abet in the
commission of a crime, whether present or absent, as well as
those who, being absent, counsel or procure the commission
of a crime, accessories before the fact, and makes accessories
before the fact, as defined by said statute, upon conviction,
liable to the same punishment as a principal offender.

"The question then arises as to the exact meaning of the
phrase 'shall be proceeded against as principal or as an acces-
sory before the fact, *according to the nature of the offence com-
mitted.*'

"Bearing in mind that, both at the common law and under

all the statutes, in felonies there are two grades of offenders recognized, *i. e.*, principals and accessories before the fact, while in misdemeanors all are principals, and that this statute relates to offences of every nature, it would seem to be obvious that the intent of the statute was to make it necessary, in crimes of the grade of a felony, to proceed against the accessory before the fact, as defined therein, as an accessory, while, if the offence charged was a misdemeanor in which all who participate are principals, he should be proceeded against as a principal."

Court and Practice Act, section 1178, is almost identical with section 120 of "An act concerning crimes and punishments," contained in the Digest of 1844, the only difference being that said section 1178 concludes with the word "title" instead of "act" as in said section 120. The last mentioned section was interpreted by Ames, C. J., in *State* v. *Sprague*, 4 R. I. 257 (1856). The indictment in that case charged the defendants with being principal and accessories, respectively, to a misdemeanor, and concerning the second count, which charged the criminal concealment, described in the statute, upon the mother, also charged that the prisoners "did feloniously and wickedly *aid*, abet, *counsel*, *hire*, *command*, and procure the said Jane Fowle, otherwise called Jane Sprague, the said offence, in manner and form aforesaid, to do and commit against," etc., the court said, p. 266: "It is objected to this count, that it uses only the language appropriate to accessories before the fact, of which there can be none in this offence, since all are principals in misdemeanors, and should be charged as such; and that it should have charged at least that the prisoners 'being present,' 'did wickedly, &c., aid, assist,' etc., in language appropriate to charge them, in a case of felony, as principals in the second degree. If we once admit that under our statute against the criminal concealment by a mother, of the birth of her bastard child, and by force of the 120th section of the crimes act, aiders and abettors, counsellors and procurers, of the crime, can be proceeded against at all, this objection can not avail. Now, as we have already hinted, we feel bound to construe the imperative provision of the 120th section of our crimes act, that aiders, abettors, coun-

sellors and procurers, of every crime and offence known to our law, shall be proceeded against as principals or accessories before the fact, *according to the nature of the offence*, as including this offence, notwithstanding its peculiar character, as well as every other; and the widest latitude, as to the mode of proceeding in any particular case, seems to be purposely given, by allowing it to be dictated by the nature of the offence, in order to effect the substantial justice intended by this section of the statute."

This is a sufficient answer to the argument of the defendant as to the meaning of the phrase "shall be proceeded against as principal or as an accessory before the fact, according to the nature of the offence committed." But the court also said, p. 267: "The objection taken to this count would confine this section, in case of misdemeanors, to aiders and abettors *present* at the commission of the offence; that is, to such as, if the offence were a felony, would be principals in the second degree, leaving all such as would not fall within this category (since we have seen that they can not be directly charged, so to speak, as principals in the first degree, with the criminal concealment) to escape unwhipped of the justice intended by the section. We deem it more conformable to right reason, and the common and statute law *both* of this State, to avoid such a conclusion, under the wide permission, as to the mere form of proceeding, given by this section for the express purpose, as we believe, of accomplishing the substantial justice designated by it."

The true meaning of the language is that the offenders shall be proceeded against as principals or accessories before the fact according to the nature of the offence committed by them, whether the same be felony or misdemeanor. It is no restriction of the common law, it is an enlargement of it.

The fourth and fifth grounds of exception relate to the following requests of the defendant and their modification by the court:

"1st. There is no evidence whatever to warrant a finding that the defendant broke and entered the freight car as alleged

in the indictment, and the defendant can only be convicted, if at all, upon the lower charge of larceny from the car.

"THE COURT: I have already so instructed you. The question of breaking and entering the car is not for your consideration.

"2nd. In order to warrant you in finding the defendant, Louis Shapiro, guilty of larceny, the evidence on behalf of the State must satisfy your minds beyond a reasonable doubt that the said defendant actually participated in the taking of the wool described in this indictment from the car. If you are not so satisfied beyond a reasonable doubt of such actual participation by said defendant Shapiro, and believe that he merely aided and assisted in the carrying away of the same, then your verdict must be for an acquittal; and in consideration of this question it is your duty to disregard and put entirely out of your minds any belief that you may have that this defendant may have been guilty of some other and different offence from that charged in this indictment, and to consider only the question of whether or not he is guilty of the crime as charged, giving him the benefit of every reasonable doubt.

"THE COURT: I charge you, gentlemen, as therein requested, with this exception, that I do not charge you that you must be satisfied beyond a reasonable doubt of his actual participation, in the sense that he actually, physically took hold of that cotton and helped remove it; nor do I charge you that if you are satisfied he merely aided and abetted, your verdict must be for acquittal, because I have said if he was present, aiding and assisting, although he didn't take hold himself, although only present as one of four men, and did no act himself in removing the cotton, he is guilty. With that modification, I charge you. The latter part of the request I suppose is intended to guard you against inferring from the fact of some testimony about his taking some wool, that he was guilty of this offence. The law doesn't infer if a man is guilty of one crime that he is guilty of another, and except as throwing light upon the whole transaction, you will not consider that evidence as tending to show that he is guilty of this.

"3rd. In considering the testimony of LaVoie, the admitted

accomplice, you should weigh his testimony with great caution, and should consider the motives and inducements which he may have to testify in the manner in which he does, and any temptation to color his testimony; and if you find that there is no evidence to corroborate his testimony that Shapiro went into and took from the car the cotton in question, and consequently was not a principal in the transaction, then your verdict should be for an acquittal. In weighing the testimony of all the witnesses you should consider any motive the witness may have to testify in the manner in which he does and any temptation he has to color his testimony; and if the evidence shows that the prosecuting officers in this case have accepted as a State's witness the principal offender in the transaction, that consideration should be given great weight by you in considering the value of the testimony offered by them.

"THE COURT: I instruct you, gentlemen, as requested there, with this exception, or with these exceptions: first, that the evidence need not satisfy you that this defendant personally went into the car. Perhaps I have been over that sufficiently; but I do instruct you that, for the purposes of this case, he must be corroborated; that you must consider carefully whether LaVoie was actuated by any ulterior motive for the purpose of his own safety in making up a case against this man. You should also consider all the evidence tending to throw light upon the motive of the officers, not for the purpose of determining whether or not they did their duty, but to determine whether or not they are actuated by prejudice or interest, so that their testimony is to be disbelieved. You must be satisfied by the testimony of LaVoie, with such corroboration as there is, you must be satisfied beyond a reasonable doubt that the crime of larceny was committed, that this cotton was actually stolen from the car of the New Haven road; and that the defendant was a participant, either by actually lifting and taking the cotton, himself, or by being actually present, aiding and assisting and abetting others in doing it."

We find no error of the court in the particulars complained of.

The sixth and last ground of exception has been considered; the verdict is amply supported in law and in fact.

The defendant's exceptions are therefore overruled, and the case is remitted to the Superior Court for sentence.

*William B. Greenough, Attorney-General, and Harry P. Cross, Assistant Attorney-General,* for State.

*William J. Brown,* for defendant.