258 A.2d 70.

STATE *vs.* ALBERT J. HART.

OCTOBER 28, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an indictment charging that the defendant " * * * did break and enter in the nighttime a certain building, to wit, the shop of Ultra Lux Cleaners, Inc., a corporation, with intent to commit larceny." The case was tried to a superior court justice and a jury which returned a verdict of guilty. It is before us on the defendant's bill of exceptions wherein he assigns as errors, the denial of his motion for a directed verdict and the denial of his motion for a new trial.

After the parties had rested, defendant moved for a directed verdict. He based this on the proposition that the evidence, viewed in a light most favorable to the state, and the reasonable inferences to be drawn therefrom would not support a finding that defendant had participated as a principal in the offense charged. In advancing this argument, he relied on State v. Colvin, 82 R. I. 212, 107 A.2d 324, wherein this court held that the common law distinction between a principal and an accessory is still preserved, not having been abrogated by now G. L. 1956, §11-1-3.[1]

---

[1]This section provides:

"Every person who shall aid, assist, abet, counsel, hire, command or procure another to commit any crime or offense, shall be proceeded against as principal or as an accessory before the fact, according to the nature of the offense committed, and upon conviction shall suffer the like punishment as the principal offender is subject to by this title."

In Shapiro, supra, this court, adopting the reasoning in State v. Sprague, 4 R. I. 257, held that the controlling language in now G. L. 1956, §11-1-3 was "* * * shall be proceeded against as principal or as an accessory before the fact, according to the nature of the offense committed" and the effect of this language was to enlarge rather than restrict the common law distinction between principals and accessories before the fact. See also State v. Patriarca, 71 R. I. 151, 43 A.2d 54.

See also: *State* v. *Shapiro,* 29 R. I. 133, 69 A. 340.

Thus, having been indicted as a principal, defendant argued, as he did before us, that it was incumbent upon the state to prove that he actually participated in the breaking and entering of the cleaning establishment and did so with intent to commit larceny. In support of his motion for a directed verdict, he pointed to a record that is admittedly barren of any evidence tending to show that defendant ever entered the premises in question.

The trial justice denied the motion, and so doing, pointed to the evidence which he felt required him to submit the case to the jury. This evidence establishes that at or about one o'clock in the morning of December 6, 1966, a Providence police officer operating a police vehicle along Potters Avenue observed a car parked on Homestead Street, some 50 feet from its intersection with Potters Avenue. The officer further noticed that the lights on the parked car were out but that its motor was running. Moreover, the car was parked some 3 feet from the curb of Homestead Street. Apparently suspicious, the officer continued west on Potters Avenue, made a U-turn at Cranston Street and headed back towards Homestead Street, into which he turned with his lights out. It is the officer's testimony that, as he came within a car's length of the parked vehicle, he observed two girls approaching the passenger side of the parked car, carrying parcels. As one of the girls was reaching for the door of the parked car, they observed the police car and, crying "cops", fled. The officer further testified that, simultaneously with the girl's outcry, the parked vehicle took off and the officer gave pursuit. Some short distance later he overhauled the car that aroused his suspicions and determined the operator to be the instant defendant. Describing the apprehension of defendant, the officer stated that defendant jumped from his car and ap-

peared to be ready to run when the officer threatened to shoot. Thereupon, defendant submitted.

Subsequent investigation disclosed that the Ultra-Lux Cleaners, Inc., an establishment located on Potters Avenue, had been broken into and entered, and clothing stolen therefrom. Further, on returning to the scene where defendant's car had been parked and where the girls observed by police officer had dropped several parcels in their flight, there was discovered clothing which was in plastic bags bearing the Ultra-Lux Cleaners, Inc., labels.

When apprehended by the police officer, there was another man and woman in defendant's car. The defendant testified that he had picked up these two passengers and two other girls at Oxford Street and that the other two girls had asked to be let out near the intersection of Potters Avenue and Homestead Street; that he did not know any of the girls nor why the two left the car where they did and that with their departure, defendant simply turned the corner and parked on Homestead Street to "socialize" with the remaining two passengers. He admitted that he was to drive the remaining girl back to Oxford Street but added that he was in no hurry to do so. He kept his motor running, he stated, because it was a cold night and he wanted the benefit of his heater while he and his passengers "socialized."

Clearly, this evidence, if believed, would support reasonable inferences that the two girls had broken and entered the cleansing establishment; that defendant knew what they were about and was standing by for them to return with whatever they succeeded in taking from the cleansers. It being the duty of the trial justice to consider this evidence without regard to weight or credibility,[2] he correctly denied defendant's motion unless, as defendant argues, the

---

[2]*State* v. *Montella,* 88 R. I. 469, 149 A.2d 919; *State* v. *St. Angelo,* 72 R. I. 412, 52 A.2d 513; *State* v. *Wright,* 70 R. I. 39, 36 A.2d 657.

evidence is susceptible only to the inference that defendant participated, if at all, as an accessory and not as a principal. Stated otherwise, defendant contends that the evidence, however viewed, is not open to a reasonable inference that he actually participated in the breaking and entering of the cleaning establishment.

We cannot accept defendant's contention that it was incumbent upon the state to prove that he had personally broken and entered with intent to commit larceny in order to convict him as a principal. In *State* v. *Colvin, supra,* at 219-220, 107 A.2d at 328, this court held that one who waits at scene of a breaking and entering to assist the actual perpetrators in getting away may be properly charged as a principal. The defendant argues, however, that, whereas in *Colvin* the record would support a jury finding that the accused had waited at the scene of the break, the record in the case at bar would support only a finding that defendant, if implicated at all, waited at some undisclosed distance from Ultra-Lux Cleaners' premises. This argument is more plausible than sound. While it is true that the record does not indicate the distance from the establishment broken into the place where defendant's car was observed by the officer, the record does establish that the two girls who left defendant's car at the corner of Potters Avenue and Homestead Street were returning to it on foot, carrying clothing taken from the dry cleaners. In our judgment, presence is not to be determined by mere contiguity of space but rather in the purpose to be served by the waiting. *Thomas* v. *State,* 2 Md.App. 502, 235 A.2d 777. See also: 21 Am. Jur. 2d, *Criminal Law* §121.

The defendant's remaining exception is to the trial justice's denial of his motion for a new trial and is premised on all the customary grounds. In support thereof, however, he argues that, in passing on the new trial motion, the trial justice overlooked the rule in this jurisdiction that the com-

mon law distinction between principals and accessories before the fact still controls and that the trial justice, as did the jury, drew inferences not reasonably warranted by the evidence. That this argument lacks merit we have heretofore indicated. Moreover, the trial justice instructed the jury that if the defendant's car was standing by, waiting to pick up the actual perpetrators of the crime, he, defendant, participated as a principal. No exception was taken to this charge and it became the law of the case which the trial justice was obligated to follow in passing on the motion for a new trial. *Bileau Trans. Co.* v. *Lodie Brien, Inc.,* 100 R. I. 723, 219 A.2d 401.

However, as to the proposition that the verdict is contrary to the weight of the evidence, defendant contends that where the evidence is circumstantial, the proof must not only be open to a reasonable inference of guilt but must likewise be inconsistent with a reasonable hypothesis of innocence, citing *State* v. *Montella, supra.* We do not perceive that the thrust of our holding in *Montella* has application to the circumstances of the instant case. There, four polling place officials were indicted for conspiring to violate the election laws and there was tangible evidence that some person or persons had illegally placed hundreds of ballots in the ballot box at some time during the course of the polling. This evidence would validly support an inference that two or more of the defendants had, either prior to or during the course of the voting, conspired so as to bring about the fraud proven. But the evidence was equally open to the innocence of one or more of the four defendants and, since the evidence did not point to specific defendants, each was entitled to the presumption of innocence and none could be convicted. Stated otherwise, the evidence was open to a reasonable inference of the corpus delicti but not to the guilt of all four defendants.

Both exceptions of the defendant are overruled and the case is remitted to the superior court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*Rosedale & Iannuccillo, Anthony G. Iannuccillo,* for defendant.