USCA1 Opinion

 

 September 15, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1542 ANTHONY J. DECIANTIS, Petitioner, v. GEORGE VOSE, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ William T. Murphy on Memorandum in Support of Certificate of __________________ Probable Cause, for petitioner. ____________________ ____________________ Per Curiam. Petitioner Anthony DeCiantis requests __________ this court to issue a certificate of probable cause to appeal from the denial of his petition for a writ of habeas corpus filed under 28 U.S.C. 2254. Petitioner was the only person named in an indictment charging him with murder. The evidence at trial revealed that the victim was forced into a car defendant was driving. The victim's body was discovered the next day; he had been shot twice, stabbed and run over by a car. He died from one of the gunshot wounds. According to witnesses, defendant stated to them that he and another individual, Ricky Silva, had killed the victim. It turns out that Silva had fired the fatal shot. Silva never was charged. Petitioner's conviction was upheld on appeal. See State v. ___ _____ DeCiantis, 501 A.2d 365 (R.I. 1985). _________ In his 2254 petition, petitioner raises three grounds for relief: (1) the trial court instructed the jury that it could convict petitioner of "aiding and abetting" in violation of his Sixth Amendment right to notice of the charges against him; (2) this instruction also violated the due process clause of the Fourteenth Amendment by improperly amending the grand jury indictment; and (3) counsel was ineffective in neglecting to object to the instruction. The district court denied the habeas petition. Because we find that the instruction was proper, we need only discuss the first ground. The due process clause of the Fourteenth Amendment encompasses the Sixth Amendment right to fair notice of the criminal charges one will face. Tarpley v. Estelle, 703 F.2d _______ _______ 157, 161 n.7 (5th Cir.), cert. denied, 464 U.S. 1002 (1983); ____________ Watson v. Jago, 558 F.2d 330, 338 (6th Cir. 1977). Thus, "a ______ ____ criminal defendant [has] a fundamental right to be clearly informed of the nature and cause of the charges in order to permit adequate preparation of a defense." Sheppard v. Rees, ________ ____ 909 F.2d 1234, 1236 (9th Cir. 1989) (footnote omitted). To determine whether a defendant has been convicted of a crime not charged in the indictment, courts look to state law. See, e.g., Tarpley, 703 F.2d at 160 (Texas law of credit card ___ ____ _______ fraud); Carothers v. Rhay, 594 F.2d 225, 229 (9th Cir. 1979) _________ ____ (Washington law of aiding and abetting); Watson, 558 F.2d at ______ 334 (Ohio law of murder).  Turning to Rhode Island law, then, R.I. Gen. Laws  11-1-3 provides: Liability for aiding, abetting, Liability for aiding, abetting, counseling, hiring, or commanding counseling, hiring, or commanding offenses. -- Every person who shall aid, offenses. --  assist, abet, counsel, hire, command, or procure another to commit any crime or offense, shall be proceeded against as principal or as an accessory before the fact, according to the nature of the offense committed, and upon conviction shall suffer the like punishment as the -3- principal offender is subject to by this title. The Rhode Island Supreme Court construed the predecessor of this statute in State v. Patriarca, 43 A.2d 54, 71 R.I. 151 _____ _________ (1945), where it held that the statute of limitations, which exempted from its reach the crime of murder, nonetheless barred an indictment for aiding and abetting the commission of a murder. In so holding the court stated: In this state it is still the law that an indictment for a felony must charge a person as a principal or as an accessory before the fact, according to the facts; and that on an indictment which charges the defendant as principal he cannot be convicted on evidence showing that he was merely an accessory, or vice versa, 1 Brill, Cyc. of Crim. Law, 252, p. 450. On that principle it has been held in numerous cases that an accessory before the fact must be proceeded against as such accessory and not as a principal. 43 A.2d at 57, 71 R.I. at 156-57. The Rhode Island Supreme Court has adhered to Patriarca. In State v. Colvin, 107 A.2d 324, 82 R.I. 212 _________ _____ ______ (1954), for example, the defendant was charged in an indictment as a principal in the commission of larceny. She argued that there was evidence at trial that she had driven away while another entered the house, establishing that she only was an accessory before the fact. Thus, she concluded, there was insufficient evidence to support her conviction as a principal. The court disagreed. After reviewing the -4- record, it held that the jury could have believed that she had waited in the car directly in front of the house. This would make her a principal. 107 A.2d at 328, 82 R.I. at 219- 20. See also State v. Hart, 258 A.2d 70, 72, 106 R.I. 213, ___ ____ _____ ____ 217 (1969) (as in Colvin, the act of waiting at the scene in ______ order to assist in the getaway is sufficient to render one a principal; defendant's conviction for larceny was upheld). Finally, in State v. McMaugh, 512 A.2d 824 (R.I. _____ _______ 1986), the court addressed an argument similar to the one petitioner is advancing here. Defendants were both charged with murder, conspiracy and carrying a weapon without a license. They were found guilty of all the charges. On appeal, one of the defendants argued that, although indicted as a principal in the murder, he actually had been convicted of aiding and assisting (his co-defendant had fired the shot that killed the victim). In the same vein, he asserted that the trial court should not have instructed the jury on aiding and assisting. The court disagreed. Acknowledging Patriarca, it _________ iterated that a person must either be charged as a principal or as an accessory and that "on an indictment charging a defendant as a principal he cannot be convicted on evidence showing that he was merely an accessory." Id. at 831. ___ However, the court went on, "one who aids and abets in the commission of the crime and is also present at the scene may -5- be charged and convicted as a principal." Id. (citing State ___ _____ v. Colvin, supra). Because defendant was there when the shot ______ _____ was fired and had assisted in the crime, he therefore was properly charged and convicted as a principal. Id. at 831. ___ In so ruling, it is obvious, we think, that the court rejected defendant's contention that he had, in fact, been convicted of aiding and abetting. The jury instruction to which petitioner objects states:  [I]f you find that the State has proved within the meaning of proof defined that the Defendant committed the crimes charged or the Defendant aided and abetted in any way in that crime, it's your duty to say guilty of the crime charged by the State. Petitioner maintains that this instruction added the new and distinct offense of aiding and abetting and directed the jury that it could convict him of this crime. In his view, the court raised a new charge after the prosecution had presented its evidence. Thus, petitioner concludes that the court did not give him fair notice and an opportunity to develop an appropriate defense. Petitioner's argument proceeds on what we think are at least three mistaken assumptions: (1) that the jury instruction, in fact, added a new charge; (2) that there only was evidence of aiding and abetting; and (3) that he, in fact, was convicted of aiding and abetting instead of as a -6- principal. As for the first assumption, the instruction states that if the evidence showed that petitioner aided and abetted the murder, the jury should find him guilty of "the ___ crime charged by the State." The quoted language, we think, ___________________________ can only refer to the crime charged in the indictment. That __________ is, given that presence at the scene plus assistance is sufficient to render one a principal, it is plain that the trial court did not instruct the jury that it could convict petitioner as an accessory. Indeed, we hesitate even to characterize this charge as an "aiding and abetting" instruction in the sense of permitting a conviction on aiding and abetting as opposed to allowing the jury to consider evidence of acts of assistance that, under Rhode Island law, constitute the commission of the crime as a principal. The second assumption is wrong, of course, precisely because there is evidence that petitioner was a __ principal. Specifically, petitioner stated that he had driven over the victim and had stabbed him, thereby demonstrating both presence and assistance. The foregoing also makes clear that the jury found petitioner guilty of murder, not aiding and abetting another in the commission of murder. This brings the case within the holdings of Colvin ______ and McMaugh. Finally, we reject petitioner's argument that _______ his conviction was contrary to Patriarca. Simply, petitioner _________ -7- was indicted as a principal and convicted on evidence showing that that is what he was. Because we find that the state court did not amend the indictment by changing the crime charged to aiding and abetting, petitioner's claim that the court violated due process fails. The same is true of the claim that petitioner'sattorneyprovided ineffectiveassistanceof counsel. The petition for a certificate of probable cause is denied. Petitioner's appeal is terminated. ______ -8-