Anna H. Wroblewski *vs.* Joseph P. Clark, *Director of Finance and Treasurer of the City of Pawtucket.*

NOVEMBER 21, 1958.

PRESENT: Condon, C.J., Roberts, Andrews, Paolino and Powers, JJ.

PAOLINO, J. This is an action of trespass on the case for negligence. The declaration alleges in substance that a motor vehicle owned by the city of Pawtucket and operated by its servant, Samul J. Grimley, negligently collided with an automobile owned and operated by the plaintiff on a public highway in said city while the plaintiff was in the exercise of due care. The defendant's amended special plea alleges that the city's motor vehicle was a payloader being used with other city trucks in sanding icy city streets and at the time of the collision was en route to the city garage to load sand onto the trucks. The amended special plea

concludes with the allegation that defendant was engaged at the time in a governmental function and therefore was not liable for the alleged negligence of its servant.

The plaintiff demurred to this plea and alleged in substance that it does not appear therefrom that the city was at the time engaged in any governmental function with resulting immunity from civil liability. The demurrer was heard before a justice of the superior court. He filed a rescript containing an exhaustive discussion of the pertinent law. After a careful analysis of the allegations in said plea, he concluded that the operations described therein were governmental functions and that the city was therefore immune from liability. He thereupon overruled the demurrer, to which ruling plaintiff filed an exception.

Thereafter plaintiff filed a replication and the case proceeded to a hearing on the merits before another justice of the superior court sitting with a jury. The instant case was tried together with plaintiff's companion suit against Samuel J. Grimley, the operator of defendant's motor vehicle. That case resulted in a verdict for plaintiff for $2,000. In the instant case, however, the trial justice granted defendant's motion for a directed verdict. He based his decision on the grounds that, having listened to the testimony and concurring in the decision of the trial justice who had previously overruled the demurrer, he felt that defendant was engaged in a governmental function and was therefore immune from liability. To this ruling plaintiff duly excepted.

The cases were heard together before us, but because the legal issues raised therein are entirely different, we shall treat the cases separately. See our opinion filed this day in *Wroblewski* v. *Grimley*, 88 R. I. 228. The instant case is now before us on plaintiff's exceptions to the overruling of the demurrer and to the granting of defendant's motion for a directed verdict. However, since both exceptions raise the same legal issues we shall treat them as one.

238

The issues presented are (1) whether a municipality is liable for tort while in the exercise of governmental functions; and (2) whether the operation of a motor vehicle in the circumstances of the instant case is a governmental function.

It is well established in this state that in the exercise of governmental functions a municipality is not subject to civil liability unless the same is specifically imposed by statute. *Wixon* v. *City of Newport,* 13 R. I. 454; *Blair* v. *Granger,* 24 R. I. 17; *Hassett* v. *Thurston,* 43 R. I. 47; *Miller* v. *Clarke,* 47 R. I. 13, 15. It is also well established that if the function being exercised is proprietary and in pursuit of private and corporate duties, for the particular benefit of the corporation and its inhabitants and not for the common good of all the people of the state, the municipality is acting as a corporate individual. In the exercise of its powers as such corporation it is generally subject to civil liability for the omission, negligence or misconduct of its officers, servants and agents. *Miller* v. *Clarke, supra.*

Although counsel have not cited, and we have not found, any prior decisions of this court directly in point on the facts, the principles of law upon which a determination of the instant case must rest and the distinction between governmental and proprietary functions have been exhaustively treated by us in many decisions. *Aldrich* v. *Tripp,* 11 R. I. 141; *Wixon* v. *City of Newport, supra; Dodge* v. *Granger,* 17 R. I. 664; *Blair* v. *Granger, supra; Hassett* v. *Thurston, supra; Miller* v. *Clarke, supra; Prete* v. *Cray,* 49 R. I. 209; *City of Providence* v. *Hall,* 49 R. I. 230; *Gibbons* v. *Fitzpatrick,* 56 R. I. 39; *Buckhout* v. *City of Newport,* 68 R. I. 280.

In *Miller* v. *Clarke, supra,* at page 15, the court stated the distinction between the governmental function and the proprietary function of a municipality as follows: "A municipality such as the city of Providence acts in a dual capacity, first as a corporate individual. In the exercise

of its powers as such corporation it is generally subject to civil liability for the omission, negligence or misconduct of its officers, servants and agents. Second, the city acts in a public character from which it derives no corporate advantage. This court has approved and applied the generally recognized principle that in the exercise of such public or governmental function a municipality is not subject to civil liability unless the same is specifically imposed by statute." See also *City of Wooster* v. *Arbenz,* 116 Ohio St. 281, 282, for a well-considered discussion of the tests applied in ascertaining the distinction between governmental and proprietary functions.

The doctrine of municipal immunity has existed in judicial decisions since the separation of the colonies from England. The immunity is confined to those activities which the municipality undertakes as the agent of the state as distinguished from those which it pursues in its corporate or proprietary capacity. One of the reasons for the rule of municipal immunity is that the municipality, in performing the function of the state as its agent, is entitled to the same immunity that the state would have if it had acted itself. See *Cloyes* v. *Township of Delaware,* 23 N. J. 324. Stated another way, the rule is based upon the ground that the state is sovereign, that the sovereign cannot be sued without its consent, and that the municipality is the mere agent of the state and therefore cannot be sued unless the state gives its consent by legislation. *City of Wooster* v. *Arbenz, supra.*

The question before us is the narrow issue of whether the facts in the instant case constitute a governmental function with resulting immunity from civil liability. The correctness of the rulings to which exceptions have been taken and argued before us depends upon a determination of this narrow issue. We shall therefore assume that the operator of the payloader, which vehicle with other municipally owned trucks was engaged in spreading sand on icy

city streets, as alleged in the amended special plea and as testified to by defendant's witnesses, was negligent; that his negligence was the proximate cause of the injuries suffered by plaintiff and the damage to her automobile; and that plaintiff was not guilty of contributory negligence.

It is undisputed that at the time of the collision the defendant, through its agents, was engaged in maintaining the streets of the city so that they would be safe and convenient for travelers. As was well said in *City of Wooster* v. *Arbenz, supra,* at page 286: "Highways are necessary adjuncts of society and date back to ancient periods. * * * The reasons which caused highways to have a public character and to become the subject-matter of governmental care in ancient times have even greater force in modern times because of the enormous increase of travel and therefore the need of improved facilities for travel. * * * It is one of the essential characteristics of a highway that it is for the free use of every member of the commonwealth * * *."

In Rhode Island the duty of municipalities with regard to repair of highways is set forth in general laws 1938, chapter 73, §1, now G. L. 1956, §24-5-1, as follows: "All highways, causeways, and bridges, except as is hereinafter provided, lying and being within the bounds of any town, shall be kept in repair and amended, from time to time, so that the same may be safe and convenient for travelers with their teams, carts and carriages at all seasons of the year, at the proper charge and expense of such town, under the care and direction of the town council of such town."

Section 11 of chap. 73, now G. L. 1956, §24-5-12, provides: "Every town which shall *neglect* to keep in good repair its highways and bridges shall be fined not less than fifty dollars ($50.00) nor more than five hundred dollars ($500), and execution shall issue therefor against such town." (italics ours)

Section 12 of chap. 73, now G. L. 1956, §24-5-13, provides:

"Such towns shall also be liable to all persons who may in any wise suffer injury to their persons or property by reason of any such neglect, to be recovered in an action of the case."

These statutes have been in force in substantially the same form for many years. See *Di Palma* v. *Zoning Board of Review,* 72 R. I. 286, 288; *City of Providence* v. *Clapp,* 58 U. S. 160. It is also well settled that the duties imposed by these statutes are mandatory. *Eaton* v. *Follett,* 48 R. I. 189; *Coutu Lumber Co.* v. *Coffin,* 59 R. I. 125.

It is clear that §§24-5-12 and 24-5-13 do not apply to the facts of the case at bar. The liability imposed by those sections is in derogation of the common law and therefore must be strictly construed. The liability having been imposed only for *neglect* to keep highways in good repair, the provisions of those sections of the statute cannot by implication or interpretation be extended to make the municipality liable for the negligence of its servants while engaged in the act of improving and maintaining its highways. *City of Wooster* v. *Arbenz, supra,* at page 287. See also *Larisa* v. *Tiffany,* 42 R. I. 148, at page 150, where the court stated: "* * * when the right of private action is given by statute it is not to be extended in favor of those who do not come clearly within the statutory provisions."

The question therefore remains whether a municipality is liable for the negligence of its employees while it is engaged in the mandatory and statutory duty of keeping its highways in repair but where the negligent act complained of does not consist of actual failure to keep them in repair within the requirements of the pertinent statute. In other words, is a municipality liable at common law for the negligent acts of its servants while engaged in making improvements or maintaining its streets?

We have examined the authorities and decisions of other jurisdictions with respect to the question of whether, in the absence of statute, the maintenance and improvement

242

of highways are a governmental or proprietary function. The authorities are divided on this question. One view is that such functions are proprietary with no resulting immunity. The opposite view is that in improving and maintaining streets and highways the municipality acts in a governmental capacity and is not liable for the negligence of its servants. 18 McQuillin, Mun. Corp., §§53.39-53.41.

As was said in *Di Palma* v. *Zoning Board of Review, supra,* at page 288: "It is well settled that the establishment and maintenance of public highways are functions of the state. * * * The statutory duty imposed upon a town to keep its public highways safe and convenient for travel is a public duty." By the provisions of §24-5-1 the state has delegated that duty to the municipalities for the public benefit, not for the benefit of a municipality or its inhabitants alone. It therefore follows that the maintenance and improvement of streets are governmental functions.

Although this specific question has never been presented to us, we believe that prior decisions of this court, wherein the general principles of law relating to the instant issue were discussed, clearly indicate that we are committed to the New England doctrine, so called, that in the absence of statute there is no liability on the part of a municipality in actions for negligence, if the function exercised by it at the time of the injury to plaintiff was a governmental function. See *Aldrich* v. *Tripp, Larisa* v. *Tiffany,* and *City of Providence* v. *Clapp, supra.*

We are therefore of the opinion that the defendant was engaged in a governmental function at the time of the collision; and that the statutory liability imposed by §§24-5-12 and 24-5-13 for neglect to keep highways in good repair does not extend to the negligence of the agents and servants of the city while in the act of making repairs and improvements or sanding its streets.

All of the plaintiff's exceptions are overruled, and the

case is remitted to the superior court for entry of judgment on the verdict as directed.

ANDREWS, J., did not participate in the decision.

*Zucker & Winsten, Harold H. Winsten,* for plaintiff.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Assistant City Solicitor, for defendant.