ANNA H. WROBLEWSKI *vs.* SAMUEL J. GRIMLEY.

NOVEMBER 21, 1958.

PRESENT: Condon, C.J., Roberts, Andrews, Paolino and Powers, JJ.

Paolino, J. This is an action of trespass on the case for negligence arising out of a collision at a street intersection

in the city of Pawtucket between an automobile owned and operated by the plaintiff and a motor vehicle owned by said city and operated by the defendant, who at the time was employed by the city which was then engaged in sanding icy city streets. The plaintiff seeks to recover for personal injuries to herself and for damage to her automobile.

The instant case and a companion case entitled *Wroblewski* v. *Clark*, 88 R. I. 235, 146 A.2d 164, were tried together before a justice of the superior court sitting with a jury. In the latter case the trial justice directed a verdict in favor of the defendant. In the instant case, however, he denied defendant's motion for a directed verdict and the jury thereafter returned a verdict for the plaintiff for $2,000.

The case is here on defendant's exception to the denial of his motion for a new trial. Under our well-established practice his exception to the denial of the motion for a directed verdict having been neither briefed nor argued is deemed to be waived.

Although the cases were heard together before us, we have treated them separately. See our opinion filed this day in *Wroblewski* v. *Clark,* 88 R. I. 235.

The defendant bases his exception to the denial of his motion for a new trial on the grounds that the verdict is against the law, the evidence and the weight thereof. In addition he contends that the verdict was grossly excessive.

The collision occurred on February 3, 1955 about 2:15 p.m. at or near the intersection of Walcott and Summit streets, public highways in the city of Pawtucket. Walcott street, which runs east and west, is intersected by Summit street, which runs north and south. It appears from the evidence that traffic at such intersection was controlled by a traffic light then in operation. It also appears that on the day of the accident the city was engaged in spreading sand on icy city streets; that defendant was operating a motor vehicle known as a payloader; that said payloader was being used to load sand upon city trucks; and that at the

time of the accident he was en route to the city garage to load the sand onto the trucks.

The evidence is conflicting as to what happened at the time of the collision. The plaintiff testified in substance that she was traveling south on Summit street at about ten or fifteen miles per hour; that as she approached to within approximately one car length of the intersection the overhead traffic light changed from red to green; that she did not apply her brakes nor sound her horn; that the payloader struck the left center part of her automobile causing extensive damage thereto; and that she did not see the payloader until immediately before the impact. She also testified that there were two women passengers in her car. The record fails to disclose that either of these passengers was called as a witness.

Charles F. Otton, who appeared as a witness for plaintiff, testified that prior to the collision plaintiff had stopped her automobile at the intersection; that the traffic light facing her was red; that she proceeded to cross the intersection when the light changed to green; that defendant crossed the intersection at a pretty good speed with the light set against him; that three other trucks were following defendant at a "pretty good speed"; and that the payloader pushed plaintiff's automobile 20 or 25 feet down the road.

On the other hand defendant testified that he was traveling west on Walcott street at less than three miles per hour; that when he arrived at the intersection he stopped for a traffic light which was red; that when the light turned to green he started to proceed through the intersection; that plaintiff's automobile suddenly appeared in front of him coming from his right; and that he immediately applied his brakes, but the bucket of the payloader, which protruded several feet in front of the cab, struck the left center portion of plaintiff's automobile and caused extensive damage thereto.

In his decision denying the motion for a new trial, the trial justice stated that in his opinion the case was based entirely on the question of credibility. He referred specifically to the conflicting evidence relating to the traffic light, to the speed of the motor vehicles, and to the testimony on the question of whether plaintiff's automobile had come to a stop at the intersection. He also stated that in exercising his own independent judgment he felt that the jury must have given more credence to plaintiff's evidence of what happened than it gave to that of defendant. He concluded that the verdict did justice between the parties and he therefore denied the motion.

The defendant's contention that plaintiff was guilty of contributory negligence as a matter of law is without merit. Assuming that the jury believed plaintiff's version of what happened as she crossed the intersection, whether or not she did all that an ordinary prudent person would have done in the circumstances was a question for the jury. This is so whether the jury relied on plaintiff's testimony or on the testimony of her witness Charles F. Otton. The question of contributory negligence is ordinarily one for the jury, unless it clearly appears that the only reasonable conclusion to be drawn from the undisputed facts is that in the circumstances of the case a person of ordinary prudence would not have so acted. *Floyd* v. *Turgeon*, 68 R. I. 218, 224. The defendant has cited *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.*, 58 R. I. 451, in support of his contention that plaintiff was guilty of contributory negligence as a matter of law. The facts in the *Dembicer* case differ substantially from those in the instant case and therefore we are of the opinion that this case is not governed by the decision in the *Dembicer* case.

In passing upon a motion for a new trial, it is the duty of the trial justice to exercise his independent judgment on the weight of the conflicting evidence and the inferences that can reasonably be drawn therefrom, as well as upon

the question of credibility. He cannot overlook or misconceive any material evidence in arriving at an independent conclusion on the question of whether substantial justice has been done between the parties. *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292; *Greenstein* v. *Singer*, 80 R. I. 141.

In our judgment there is nothing to indicate that on the question of liability the trial justice misconceived or overlooked any of the evidence, or that the verdict of the jury fails to respond truly to the real merits of the case, or that it fails to do substantial justice between the parties. Both the trial justice and the jury had the benefit, which we do not have, of seeing and hearing the witnesses testify. In a case such as this, where the principal issue is the credibility of the witnesses, that benefit is of great importance. In these circumstances, according to our well-established practice, the decision of the trial justice on a motion for a new trial is of persuasive force and will not be disturbed by us unless it is clearly wrong. After reading the transcript we cannot say that on the question of liability, when credibility was the principal factor, the trial justice was clearly wrong.

In his decision the trial justice did not refer specifically to the question of damages. While it would seem that he considered defendant's contention that the damages were grossly excessive, since this was one of the grounds in defendant's motion for a new trial, nevertheless because he has not referred specifically thereto we have examined the transcript in order to decide where the preponderance of the evidence lies.

The plaintiff testified that she received an injury to her left side resulting in a black and blue mark on her hip about as big as the palm of a hand; that this mark remained for several weeks; that she suffered pain constantly for about six months after the accident; that she still suffered from pain "now and then"; that she was unable to

work for a week and lost approximately $50 in wages; and that the repair bill for the damage to her car was $896.33. She also testified that her ability to sleep was adversely affected for a few weeks; that she limped for several weeks after the accident; and that she lost some weight. It also appears that her out-of-pocket expenses for medical treatment were $22. The special damages therefore were approximately $1,031.

In *Beaumier* v. *Provensal,* 58 R. I. 472, at page 477, the court stated: "We are not warranted in setting up our judgment of the damages over that of the trial justice and the jury, unless we are convinced that the damages awarded are not reasonably responsive to the evidence and are the result of passion and prejudice toward the defendant, or the result of a feeling of sympathy and favoritism toward the plaintiff." In view of the uncontradicted evidence in the instant case on the question of damages and pain and suffering, we cannot say that the trial justice, assuming he considered the question of damages, was clearly wrong. See *Armes* v. *United Electric Rys.,* 74 R. I. 450. In any event after carefully examining the transcript on the question of damages, although the verdict is somewhat larger than we would have awarded if we had been the jury, yet we cannot say that it is grossly excessive or that it does not reasonably respond to the true merits of the controversy. In our opinion the defendant has failed to prove that the evidence preponderates against such verdict.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the verdict.

ANDREWS, J., did not participate in the decision.

*Zucker & Winsten, Harold H. Winsten,* for plaintiff.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Assistant City Solicitor, for defendant.